UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James A. Winkler and Judith C. Winkler, | Civil No. 12-46 (SRN/SER) |
| Plaintiffs, | |
| v. | |
| GMAC Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

Andrew S. Dosdall, Christopher P. Parrington, and Patrick D. Boyle, Skjold Parrington, P.A., 222 South Ninth St., Suite 3220, Minneapolis, Minnesota 55402, for Plaintiffs.

Ellen B. Silverman, Hinshaw & Culbertson LLP, 333 South Seventh St., Suite 2000, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Motion to Dismiss filed by Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration Systems, Inc. ("MERS"). [Doc. No. 12.] For the reasons stated below, the Court grants the Motion to Dismiss and dismisses the Complaint [Docket No. 1-1] with prejudice.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs James and Judith Winkler have owned their home in Plymouth, Minnesota, since 1994. (Compl. ¶ 5.) They paid $88,000 for the home. (Id. ¶ 7.) In 2008, they refinanced their mortgage with Defendant GMAC Mortgage, LLC, in the amount of $290,000. (Id. ¶¶ 8-9.) They began to have difficulty making payments on the

refinanced mortgage in 2009, and in May 2011 ceased making payments altogether and so defaulted on their obligations under the mortgage. (Id. ¶ 24.)

Plaintiffs allege that they spoke to someone at GMAC in July 2011 about curing the default. Plaintiffs proposed making weekly payments of $1,000 in addition to their regular mortgage payments to cure the default. (Id. ¶ 26.) According to Plaintiffs, a representative of GMAC "accepted this offer before the telephone call was cut off and agreed that Plaintiffs could reinstate their mortgage by making weekly $1,000.00 payments on top of their regular monthly mortgage payments." (Id. ¶ 27.) Plaintiffs contend that they made two weekly $1,000 payments in July 2011, but that GMAC returned the second payment because it was insufficient to cure the default. (Id. ¶ 30.) There is no allegation in the Complaint that Plaintiffs continued to make their regular mortgage payments in addition to the $1,000 weekly payment, as ostensibly required by their oral agreement with GMAC.

Plaintiffs also applied for the Home Affordable Modification Program, or HAMP in July 2011. (Id. ¶ 31.) Throughout the fall, Plaintiffs met with and spoke with GMAC representatives, who variously told Plaintiffs that their application was being processed or that more information was needed. However, Plaintiffs received notice in October 2011 that the property was scheduled for foreclosure sale in late November 2011. (Id. ¶ 37.) During this same timeframe, GMAC continued to tell Plaintiffs that their HAMP application was under review and continued to ask for more documents in support of that application. (Id. ¶¶ 43-44.) One of the letters GMAC sent Plaintiffs stated that GMAC

"will not begin proceedings for foreclosure of your home or conduct a foreclosure sale if proceedings have already begun (if possible)." (Id. ¶ 46.)

The November foreclosure sale was rescheduled to December 19, 2011. (Id. ¶ 48.) However, it appears from the record that the December foreclosure sale was also postponed and that Plaintiffs' home has not been sold at a foreclosure sale.[1] At the hearing, the parties told the Court that Plaintiffs have been accepted into the initial trial period of HAMP and, assuming they qualify for permanent modification under HAMP, they will be able to stay in their home.

The Complaint contains eight causes of action. The first two Counts are requests for declaratory judgment and injunctive relief. Count III contends that Defendants breached their contract by failing to accept payments under the oral agreements and initiating foreclosure proceedings. Count IV raises a breach of duty under Minnesota law. Counts V and VI allege fraud and negligent misrepresentation, and Count VII contends that Defendants should be estopped from denying the existence of a contract through the application of promissory estoppel. Count VIII raises a claim under Minn. Stat. § 58.13, subd. 1(a)(9) and 1(a)(19).[2] Defendants seek dismissal of all Counts.

---

[1] Plaintiffs' opposition memorandum states that "Plaintiffs' property is scheduled to be sold at a sheriff sale on December 19, 2011." (Pls.' Opp'n Mem. [Doc. No. 16] at 6.) This memorandum was filed on March 23, 2012.

[2] The Complaint claims a violation of subsections 1(b)(9) and 1(b)(19), but those do not exist. Plaintiffs' papers indicate that the correct subdivisions are as noted here.

## II.   DISCUSSION

### A.   Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

### B.   Breach of Contract and Promissory Estoppel

Plaintiffs contend that Defendants breached the oral agreement to accept weekly

4

payments to cure their default under the mortgage, or that they should be estopped from claiming that no contract existed. Defendants assert that Minnesota's credit statute of frauds precludes Plaintiffs' breach of contract and promissory estoppel claims. That statute requires that credit agreements must be in writing signed by both the creditor and the debtor and must set forth "the relevant terms and conditions." Minn. Stat. § 513.33, subd. 2. Because there is no writing in this case that sets forth any of the terms of the alleged agreement between Plaintiffs and GMAC, the credit statute of frauds precludes Plaintiffs' claims.

Several Judges in this District have addressed substantially identical claims, and nearly all have determined that the credit statute of frauds prohibits a breach of contract claim in this situation. See, e.g., Olivares v. PNC Bank, No. 11-cv-1626, 2011 WL 4860167, at *5 (D. Minn. Oct. 13, 2011) (Montgomery, J.). And in all of these cases, there was some writing between the bank and the mortgagee indicating that the mortgagee would be allowed to make modified payments. Here, there is no writing whatsoever. This is the situation the statute of frauds was intended to prevent, and the Minnesota statute of frauds precludes Plaintiffs' breach-of-contract claim. That claim must therefore be dismissed.

Neither does promissory estoppel take Plaintiff's claim out of the statute of frauds. The Minnesota Court of Appeals has held that

> [t]he plain and unambiguous language of the statute [of frauds] clearly prohibits a claim that a new credit agreement is created unless the agreement is in writing, expresses consideration, sets forth all relevant terms and conditions, and is signed by the creditor and debtor. . . . [Thus] section 513.33 precludes [a plaintiff's] claim of promissory estoppel to establish a new credit

5

agreement.

Greuling v. Wells Fargo Home Mortg., Inc., 690 N.W.2d 757, 762 (Minn. Ct. App. 2005). Plaintiffs cannot use promissory estoppel to rescue their breach-of-contract claim.[3] The promissory estoppel claim is dismissed.

**C.     Breach of Mortgagee Duty**

Plaintiffs next argue that GMAC breached the Minnesota statutory duty of good faith. This duty provides that "the mortgagee . . . may fairly and in good faith purchase the premises so advertised, or any part thereof, at [a sheriff's] sale." Minn. Stat. § 580.11. The statute does not impose any pre-foreclosure duty on the mortgagee. Cox v. Morg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 1060, 1065 (D. Minn. 2011) (Doty, J.). It merely "proscribes bad faith acts by a mortgagee after a foreclosure sale." Laurent v. Mortg. Elec. Registration Sys., Inc., No. 11-cv-2585, 2011 WL 6888800, at *5 (D. Minn. Dec. 30, 2011) (Montgomery, J.). The statute does not apply to Plaintiffs' claims and thus the breach-of-duty claim fails as a matter of law.

---

[3] Plaintiffs argue in their opposition to the Motion that either equitable estoppel or part performance take the oral agreement out of the statute of frauds. They pled neither of these doctrines in their Complaint, and a response to a Motion to Dismiss is not the proper place to attempt to amend one's pleadings. Even if Plaintiffs had raised these doctrines in their Complaint, the doctrines simply do not apply in this situation because, as discussed below, Plaintiffs did not suffer any damages from GMAC's alleged conduct. See Lunning v. Land O'Lakes, 303 N.W.2d 452, 457 (Minn. 1980) (an element of equitable estoppel is detrimental reliance); Burke v. Fine, 51 N.W.2d 818, 820 (Minn. 1952) (part performance requires detrimental reliance).

**D.     Fraud and Negligent Misrepresentation**

Plaintiffs' claims of fraud and negligent misrepresentation contend that the oral representation by GMAC's unnamed representative was false and that GMAC either knew the representation was false or was negligent in communicating the representation to them.  Under Minnesota law, both fraud and negligent misrepresentation claims require some reliance on the part of the person claiming to be injured.  See Bonhiver v. Graff, 248 N.W.2d 291, 299 (Minn. 1976) (noting "justifiable reliance" as an element of a negligent misrepresentation claim); Hoyt Props., Inc. v. Prod. Res. Group, LLC, 736 N.W.2d 313, 318 (Minn. 2007) (noting that reliance and pecuniary damage are elements of fraudulent representation claim).

Plaintiffs' fraud and negligent misrepresentation claims fail because they cannot show any detrimental reliance on GMAC's alleged misrepresentation.  They concede that they stopped making their mortgage payments in May 2011.  They sent GMAC a total of $2,000 in July, which is less than they owed in mortgage payments in June and July.  Indeed, Plaintiffs did not even comply with the alleged oral agreement they claim to have made with GMAC, because they did not send $1,000 to GMAC every week in July and did not make their regular mortgage payment that month.

Plaintiffs cannot show that they relied on the allegedly false or fraudulent statements because they were contractually obligated to make mortgage payments to GMAC.  Olivares, 2011 WL 4860167, at *7.  And as in Olivares, the payments Plaintiffs made were less than the payments they were otherwise required to make.  Plaintiffs have

7

failed to plead that they either relied on or were in any way harmed by GMAC's alleged fraud or negligent misrepresentations and these claims fail.

**E.      Unjust Enrichment**

There can be no claim for unjust enrichment under Minnesota law where an express contract exists. "[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract." U.S. Fire Ins. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1982); see also M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 616 F.3d 872, 880 (8th Cir. 2010) (finding that unjust enrichment "does not apply where the rights of the parties are governed by a valid contract" under Minnesota law). The original mortgage agreement constitutes a contract between Plaintiffs and GMAC. In addition, Plaintiffs have utterly failed to establish any unjust enrichment on the part of GMAC. Again, Plaintiffs have not paid their mortgage since May 2011, but merely sent in two $1,000 payments in July 2011. It is difficult to see how GMAC was unjustly enriched by Plaintiffs' actions. The claim for unjust enrichment is dismissed.

**F.      Minn. Stat. § 58.13**

Plaintiffs' final contention is that Defendants' conduct violated two of Minnesota's statutory standards of conduct for residential mortgage originators and servicers. Minn. Stat. § 58.13, subd. 1(a)(9) and 1(a)(19). As an initial matter, it is clear that subsection 1(a)(19) is directed to advertisements, and therefore does not apply.

Subsection 1(a)(9) prohibits a mortgage servicer such as GMAC from making "any false, deceptive, or misleading statement or representation in connection with a residential

loan transaction . . . ." According to the statute affording aggrieved persons a private right of action under § 58.13, Plaintiffs are entitled to receive actual damages for such a violation. Id. § 58.18, subd. 1. The inclusion of actual damages as the first available remedy implies that an element of a claim under § 58.13 is damages, or detrimental reliance. As discussed, however, Plaintiffs were not in any way damaged by GMAC's conduct in this matter, and thus they have suffered no actual damages. They have failed to state a claim under § 58.13, subd. 1(a)(9).

**G.     Declaratory Judgment and Injunctive Relief**

Because none of Plaintiffs' substantive legal claims has merit, they are not entitled to either a declaratory judgment or injunctive relief. These claims are dismissed

**H.     MERS**

In the Motion, Defendants point out that the Complaint raises no allegations whatsoever against MERS. There is no contention that MERS had anything to do with the conduct underlying any of Plaintiffs' claims. Plaintiffs argue that MERS is an indispensable party because MERS was once the nominal mortgagee for Plaintiffs' mortgage loan. There is no dispute that GMAC is now the mortgagee, and thus it is irrelevant that MERS or any other entity acted as the mortgagee in the past, absent allegations that MERS did something wrong with respect to the mortgage. Plaintiffs do not explain how MERS might be considered an indispensable party. Regardless of the merits of Plaintiffs' claims, MERS must be dismissed from the action.

**I.     Leave to Amend**

Finally, Plaintiffs ask that, if inclined to grant the Motion, the Court also grant Plaintiffs leave to amend their Complaint.  They contend that they would amend their fraud and negligent misrepresentation claims to include more specific details under Fed. R. Civ. P. 9(b).  In this instance, however, leave to amend would be futile.  Plaintiffs' fraud and negligent misrepresentation claims may indeed be faulty under Rule 9(b)'s pleading standards, but they fail for another reason that cannot be overcome by amendment:  Plaintiffs did not detrimentally rely on the allegedly fraudulent or negligent misrepresentation.  Because Plaintiffs cannot bring a fraud or negligent misrepresentation claim that states a claim under Rule 12(b)(6), leave to amend is denied.  See Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'") (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)).

**J.     Conclusion**

Plaintiffs have failed to allege facts that plausibly establish any of their claims. The Complaint will be dismissed.

**III.    ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 12] is **GRANTED**; and

2. The Complaint [Doc. No. 1-1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 22, 2012                               s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge